**Ramon R. VILLAVERDE, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, J. D'Annunzio & Sons, Inc. and American Home Assurance Company, Respondents.**

No. 08–4187–ag.

United States Court of Appeals, Second Circuit.

June 3, 2009.

Alan C. Rassner, Rassner, Rassner & Olman, Roslyn, NY, for Petitioner.

Robert N. Dengler, Flicker, Garelick & Associates, LLP, New York, NY, for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Ramon R. Villaverde ("Villaverde") seeks review of the BRB's July 17, 2008 decision affirming the Administrative Law Judge's ("ALJ") August 21, 2007 grant of summary judgment for the respondents on the ground that the petitioner did not meet the requirements to be eligible for coverage under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950. We assume the parties' familiarity with the facts and proceedings in the district court.

"Our review is limited to whether the BRB made any errors of law and whether substantial evidence supports the ALJ's findings of fact." *Rainey v. Director of Workers' Comp.*, 517 F.3d 632, 634 (2d Cir.2008).

A worker claiming compensation under the LHWCA must establish that he meets both "status" and "situs" requirements—i.e.: (i) the worker must be engaged in maritime employment under 33 U.S.C. § 902(3); and (ii) the worker's injury must occur on navigable waters or on one of the areas enumerated in 33 U.S.C. § 903(a). *Fleischmann v. Director, Office of Workers' Comp. Programs*, 137 F.3d 131, 135 (2d Cir.1998). The LHWCA pro-

vides that a worker will be compensated "only if the disability . . . results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel)." 33 U.S.C. § 903(a).

Villaverde argues that the BRB's decision abrogated the intent of Congress "to eliminate the water's edge as the line where coverage ends" because it rested on the "situs" requirement "without considering the status of a harbor worker." We find no error in the BRB's legal analysis. In order to prevail, Villaverde was required to meet both "status" and "situs" requirements of the LHWCA. *See Fleischmann*, 137 F.3d at 135. His failure to establish that he met the "situs" requirement was fatal to his claim.

■ Villaverde contends he satisfied the "situs" requirement because his injury occurred on a bulkhead, which he argues qualifies as a "wharf" under the statute and is akin to the area in *Fleischmann* that we held satisfied the situs requirement. He relies, in making this argument, on an obsolete definition found in the American Heritage Dictionary defining wharf as a "shore or river bank." His contention is without merit. As for his reliance on *Fleischmann*, even assuming that the structure at issue in *Fleischmann* is similar to the one here, which appears not to be the case, unlike Fleischmann, who "was on top of the bulkhead and moving the barge by pulling on a tow line" when "he slipped on the top of the bulkhead and fell over the landward side," *Fleischmann*, 137 F.3d at 133, Villaverde was not injured on the bulkhead. Rather, he was injured eighty-five to ninety feet landward of the bulkhead, close to a high-

way and no maritime activity occurred at the site where he was injured.

We have considered Villaverde's remaining arguments and find them lacking in merit. For the foregoing reasons, the order of the BRB is **AFFIRMED.**